**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REDES ANDINAS DE COMUNICACIONES S.R.L., <br><br> Petitioner, <br><br> v. <br><br> THE REPUBLIC OF PERU, THE MINISTRY OF TRANSPORTATION AND COMMUNICATIONS, and PROGRAMA NACIONAL DE TELECOMUNICACIONES – PRONATEL <br><br> Respondents. | Civil Action No. 1:22-cv-03631 (RC) |

## RESPONDENT PROGAMA NACIONAL DE TELECOMUNICACIONES' MOTION TO DISMISS (ORAL ARGUMENT REQUESTED)

Respondent Progama Nacional de Telecomunicaciones ("PRONATEL") hereby moves to dismiss the Petition of Redes Andinas de Comunicaciones S.R.L. ("Redes") to Confirm, Recognize, and Enforce Foreign Arbitral Award with this Court (the "Petition"). Dismissal is required because the Court lacks personal jurisdiction, Redes has failed to serve PRONATEL with process, Redes has failed to comply with the mandatory requirements of Article IV of the New York Convention, and the Court lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act.

For the reasons set forth in the accompanying memorandum of points and authorities, and based upon the accompanying Declaration of Nicholas M. Renzler in support of this motion, PRONATEL respectfully requests that the Court dismiss the Petition with prejudice.

1

Dated: October 8, 2024

Respectfully submitted,

/s/ Andrew B. Loewenstein
Andrew B. Loewenstein (D.D.C. Bar No. MA0018)
aloewenstein@foleyhoag.com
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel:  617-832-1000
Fax: 617-832-7000

Nicholas M. Renzler (D.C. Bar. No. 983359)
nrenzler@foleyhoag.com
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019-6017
Tel: 212.812.0400
Fax: 212.812.0399

*Attorneys for Respondent PRONATEL*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REDES ANDINAS DE COMUNICACIONES S.R.L., <br><br> Petitioner, <br><br> v. <br><br> THE REPUBLIC OF PERU, THE MINISTRY OF TRANSPORTATION AND COMMUNICATIONS, and PROGRAMA NACIONAL DE TELECOMUNICACIONES – PRONATEL <br><br> Respondents. | Civil Action No. 1:22-cv-03631(RC) |

**RESPONDENT PROGRAMA NACIONAL DE TELECOMUNICACIONES'**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**(ORAL ARGUMENT REQUESTED)**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................... 1

BACKGROUND ............................................................................................................... 2

ARGUMENT ..................................................................................................................... 3

    I.    The Court Lacks Personal Jurisdiction over PRONATEL. ........................................ 3

    II.    The Court Lacks the Power to Grant the Petition Because Redes Failed to Comply with Article IV of the New York Convention. ........................................................... 5

    III.    Redes Failed to Serve PRONATEL in Accordance with the Inter-American Convention. .............................................................................................................. 6

    IV.    The Court Lacks Subject Matter Jurisdiction. ........................................................ 10

CONCLUSION ................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*Al-Qarqani v. Chevron Corp.,*
No. 18-03297, 2019 U.S. Dist. LEXIS 172126 (N.D. Cal. Sept. 24, 2019) ............................6

*Al-Qarqani v. Chevron Corp.,*
8 F.4th 1018 (9th Cir. 2021) ...........................................................................................5, 6

*Animal Sci. Prods. v. Hebei Welcome Pharm. Co.,*
138 S. Ct. 1865 (2018)............................................................................................................9

*Angellino v. Al-Saud,*
681 F.3d 463 (D.C. Cir. 2012).............................................................................................6

*Argentine Republic v. Amerada Hess Shipping Corp.,*
488 U.S. 428 (1989)..................................................................................................10, 11

*Belize Soc. Dev., Ltd. v. Gov't of Belize,*
794 F.3d 99 (D.C. Cir. 2015)..............................................................................................11

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985)...............................................................................................................4

*CapitalKeys, LLC v. Democratic Republic of Congo,*
No. 15-cv-2079, 2021 U.S. Dist. LEXIS 103996 (D.D.C. June 3, 2021)................................13

*Cargill Int'l S.A. v. M/T Pavel Dybenko,*
991 F.2d 1012 (2d Cir. 1993)...............................................................................................13

*Chevron Corp. v. Republic of Ecuador,*
949 F. Supp. 2d 57 (D.D.C. 2013) .......................................................................................13

*Chevron Corp. v. Republic of Ecuador,*
795 F.3d 200 (D.C. Cir. 2015) ......................................................................................11, 12

*Chiejina v. Fed. Republic of Nigeria,*
No. 21-2241, 2022 U.S. Dist. LEXIS 152675 (D.D.C. Aug. 23, 2022) ...........................12, 13

*China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.,*
334 F.3d 274 (3d Cir. 2003)..................................................................................................6

*Crane v. N.Y. Zoological Soc'y,*
894 F.2d 454 (D.C. Cir. 1990)...............................................................................................3

*Creighton Ltd. v. Gov't of Qatar,*
181 F.3d 118 (D.C. Cir. 1999)..............................................................................................13

*EGI-VSR, LLC v. Coderch*,
    963 F.3d 1112 (11th Cir. 2020) ...........................................................................8

*GSS Group Ltd v. Nat'l Port Auth.*,
    680 F.3d 805 (D.C. Cir. 2012) ........................................................................3, 4

*\*I.T. Consultants, Inc. v. Islamic Republic of Pakistan*,
    No. 00-00503, 2000 U.S. Dist. LEXIS 22548 (D.D.C. Sep. 28, 2000) ................................10

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).........................................................................................4

*Jiangsu Beier Decoration Materials Co. v. Angle World LLC*,
    52 F.4th 554 (3d Cir. 2022) .............................................................................6

*LLC Komstroy v. Republic of Mold.*
    No. 18-cv-00643, 2019 U.S. Dist. LEXIS 143739 (D.D.C. Aug. 23, 2019) ........................13

*\*LLC SPC Stileks v. Republic of Mold.*,
    985 F.3d 871 (D.C. Cir. 2021) .....................................................................11, 12

*Marseille-Kliniken AG v. Republic of Equatorial Guinea*,
    No. 20-3572, 2023 U.S. Dist. LEXIS 206549 (D.D.C. Nov. 17, 2023) ..........................12, 13

*Morgan v. Richmond Sch. of Health & Tech., Inc.*,
    857 F. Supp. 2d 104 (D.D.C. 2012)....................................................................3

*Mwani v. Bin Laden*,
    417 F.3d 1 (D.C. Cir. 2005) ............................................................................4

*O'Connor v. United Kingdom*,
    No. 20-1775, 2020 U.S. Dist. LEXIS 117918 (D.D.C. July 3, 2020) ..................................12

*Process & Indus. Devs. v. Fed. Republic of Nigeria*,
    962 F.3d 576 (D.C. Cir. 2020) .........................................................................2

*Republic of Sudan v. Harrison*,
    139 S. Ct. 1048 (2019) ...............................................................................6, 10

*TMR Energy Ltd. v. State Prop. Fund of Ukraine*,
    411 F.3d 296 (D.C. Cir. 2005)..........................................................................3

*Turan Petroleum, Inc. v. Ministry of Oil & Gas of Kaz.*,
    406 F. Supp. 3d 1 (D.D.C. 2019).....................................................................13

*UAB Skyroad Leasing v. OJSC Tajik Air*,
    No. 20-cv-00763, 2021 U.S. Dist. LEXIS 13872 (D.D.C. Jan 26, 2021)................................4

*UAB Skyroad Leasing v. OJSC Tajik Air,
  No. 21-56124, 2022 U.S. App. LEXIS 16977 (D.C. Cir. June 17, 2022) ...........................3, 4

Williams v. Romarm, S.A.,
  756 F.3d 777 (D.C. Cir. 2014) ....................................................................................4

**Constitutional Provisions**

U.S. CONST. AMEND. V ....................................................................................1, 3

**Statutes**

9 U.S.C. §§ 201 et seq. ....................................................................................1

28 U.S.C. § 1330(b) ....................................................................................4, 5

28 U.S.C. §§ 1602 et seq. ....................................................1, 3, 5, 6, 7, 10, 11, 13

**Treaties**

*Convention on the Recognition and Enforcement of Foreign Arbitral Awards,
  June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 .............................1, 2, 5, 6, 12, 13

Organization of American States, Inter-American Convention on Letters
  Rogatory, Jan. 30, 1975, O.A.S.T.S. No. B-36 ....................................................7

Organization of American States, Additional Protocol to the Inter-American
  Convention on Letters Rogatory, May 8, 1979, O.A.S.T.S. No. B-46 ....................7

**Rules**

Fed. R. Civ. P. 55(a) ....................................................................................2

**Peruvian Legal Authorities**

Constructora Continente Sociedad Anonima v. Gerardo Chiclla Torres, Appeal
  No. 1099-2017, Supreme Court of Justice of the Republic of Peru
  (Sept. 5, 2018) ....................................................................................8, 9, 10

Peruvian Code of Civil Procedure, Preliminary Title, art. VII  ....................................8

Peruvian Code of Civil Procedure, art. 50.6  ....................................................8, 9, 10

**Other Authorities**

Maxi Scherer, Aritcle IV [Formal Requirements for Recognition and Enforcement
  of Arbitral Awards], NEW YORK CONVENTION: ON THE RECOGNITION AND
  ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (R. Wolff ed., 2d ed. 2019) .........................5

**INTRODUCTION**

Respondent Programa Nacional de Telecomunicaciones ("PRONATEL") submits this Memorandum of Law in support of its Motion to Dismiss the Petition filed by Petitioner Redes Andinas de Comunicaciones S.R.A. ("Petitioner" or "Redes").

There are at least four independent reasons requiring the Court to dismiss Redes' Petition. First, the Court lacks personal jurisdiction over PRONATEL, an "instrumentality" of the Republic of Peru, D.E. 1 at ¶ 6, which is presumptively immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*., and entitled to due process under the Fifth Amendment to the U.S. Constitution. That is because PRONATEL is not alleged to have any contacts with the forum, let alone contacts sufficient to satisfy due process. Nor has Petitioner satisfied the FSIA's service and subject matter jurisdiction requirements, which are additional prerequisites for the Court's exercise of personal jurisdiction.

Second, Petitioner failed to comply with Article IV of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, as incorporated in the United States by the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.*, the treaty under which the Petition is brought. Specifically, notwithstanding Article IV's requirement that a petitioner must include the arbitration agreement with its petition, Redes failed to do so.

Third, Redes failed properly to serve PRONATEL in accordance with the FSIA's requirements. Redes purports to have served PRONATEL under the provision of the FSIA governing service on foreign states and their political subdivisions, 28 U.S.C. § 1608(a). However, that provision is inapplicable because PRONATEL is an instrumentality of Peru. As such, service is governed by 28 U.S.C. § 1608(b). Moreover, any purported service was ineffective because it was not valid under the governing Peruvian law.

Fourth, the Court lacks subject matter jurisdiction because Redes has not established the applicability of the FSIA's arbitration exception, the only exception to immunity that Redes relies upon. Because Redes did not submit the parties' arbitration agreements with its Petition, it failed to satisfy its burden of production to show that the arbitration exception applies. Dismissal is thus required.[1]

**BACKGROUND**

On May 15, 2019, Redes initiated two arbitrations against PRONATEL and Respondent Ministry of Transportation and Communications ("MTC"). D.E. 1 at ¶ 24. The same arbitral tribunal heard both arbitrations. *Id.* at ¶¶ 25-27. The tribunal subsequently issued awards against PRONATEL and the MTC. D.E. 1 at ¶¶ 28, 31; D.E. 14 at 6.

On December 2, 2022, Redes filed a Petition to enforce those awards against PRONATEL and the MTC. Redes also named the Republic of Peru as a respondent even though the Republic was not a party to either arbitration. Article IV of the New York Convention requires parties seeking to enforce arbitral awards to submit with their petition an "original [arbitration] agreement… or a duly certified copy thereof." Redes, however, failed to do so. *See* D.E. 1.[2]

On January 31, 2024, Redes asked the Clerk of Court to enter a default under Fed. R. Civ. P. 55(a), D.E. 12, which the Clerk did on February 1, 2024. D.E. 13. On February 20, 2024, Redes

---

[1] PRONATEL expressly reserves its right to raise other defenses, including, without limitation, defenses under Article V of the New York Convention. As the D.C. Circuit has held, it is improper to require a foreign sovereign to brief the merits of a petition to enforce an arbitral award prior to the adjudication of the foreign sovereign's immunity-based defenses under the FSIA. *Process & Indus. Devs. v. Fed. Republic of Nigeria*, 962 F.3d 576, 586-87 (D.C. Cir. 2020) (holding courts "must resolve colorable assertions of immunity before the foreign sovereign may be required to address the merits at all").

[2] By including factual assertions made in the Petition, PRONATEL does not concede their veracity, and reserves all its rights, including without limitation, to dispute those facts at any later stage of this proceeding.

2

filed a motion for default judgment.  D.E. 14.  On March 5, 2024, PRONATEL timely filed a motion to set aside the Clerk's entry of default and an opposition to Redes' default judgment motion.  D.E. 17.  On September 24, 2024, the Court granted PRONATEL's motion to set aside the default and denied Redes' motion for default judgment with respect to PRONATEL.  D.E. 24; D.E. 26.[3]  For the reasons described below, the Petition should now be dismissed.

## ARGUMENT

**I.      The Court Lacks Personal Jurisdiction over PRONATEL.**

The Petition must be dismissed for lack of personal jurisdiction over PRONATEL.  Redes bears "the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant."  *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  Redes "cannot rely on conclusory allegations; rather, [it] must allege the specific facts on which personal jurisdiction is based."  *Morgan v. Richmond Sch. of Health & Tech., Inc.*, 857 F. Supp. 2d 104, 107 (D.D.C. 2012).

Here, there is no basis for exercising personal jurisdiction consistent with the Due Process Clause of the Fifth Amendment to the Constitution. As an "instrumentality" of the Republic of Peru, D.E. 1 at ¶ 6; D.E. 25 at 14, PRONATEL is a "person" within the meaning of the Due Process Clause of the Fifth Amendment.  *UAB Skyroad Leasing v. OJSC Tajik Air*, No. 21-56124, 2022 U.S. App. LEXIS 16977, at *2 (D.C. Cir. June 17, 2022) (per curiam) (holding a foreign sovereign "instrumentality … is protected by the Due Process Clause of the Fifth Amendment") (citing *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 301 (D.C. Cir. 2005)); *GSS Group Ltd*

---

[3] The Court granted Redes' motion for default judgment with respect to MTC and the Republic of Peru.  While the Court found that it had subject matter jurisdiction with respect to those Respondents, D.E. 25 at 9-10,  PRONATEL respectfully submits that the arbitration exception, 28 U.S.C. § 1605(a)(6), does not apply here.  *See infra* Section IV.

*v. Nat'l Port Auth.*, 680 F.3d 805, 815 (D.C. Cir. 2012) (holding that "if an instrumentality does not act as an agent of the state, and separate treatment would not result in manifest injustice … the instrumentality will enjoy all the due process protections available to private corporations"). Thus, "[t]he district court has personal jurisdiction only if, in addition to 28 U.S.C. § 1330(b)'s requirements, the instrumentality has sufficient minimum contacts with the United States." *UAB Skyroad*, 2022 U.S. App. LEXIS 16977, at *2. As a result, for the Court to exercise personal jurisdiction, PRONATEL must "have certain minimum contacts with [this forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted); *see also Mwani v. Bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

This is fatal to the exercise of personal jurisdiction over PRONATEL. The Petition alleges no contacts whatsoever between PRONATEL and the District of Columbia or, indeed, anywhere else in the United States. *See* D.E. 1. Accordingly, Redes has not established that PRONATEL has the necessary minimum contacts with this forum for the Court to exercise personal jurisdiction. The Petition therefore must be dismissed. *UAB Skyroad Leasing v. OJSC Tajik Air*, No. 20-cv-00763, 2021 U.S. Dist. LEXIS 13872, at *42 (D.D.C. Jan 26, 2021), *aff'd*, 2022 U.S. App. LEXIS 16977 (D.C. Cir. June 17, 2022) ("Because [petitioner] makes no averment that [the instrumentality] has any contacts with the United States, the court concludes that it lacks personal jurisdiction over [the instrumentality]."); *Williams v. Romarm, S.A.*, 756 F.3d 777, 785-86 (D.C. Cir. 2014) (holding "due process will not permit the district court to exercise its jurisdiction over" a state-owned corporation where plaintiff alleges no facts showing minimum contacts with the United States); *GSS Group*, 680 F.3d at 817 (finding Port Authority of Liberia, an "independent

juridical entity," was "entitled to due process protection" and dismissing petition for lack of personal jurisdiction in light of petitioner's concession that the Port Authority had no connection to the United States).

Independently, dismissal for lack of personal jurisdiction is required under 28 U.S.C. § 1330(b) of the FSIA.  Under that provision, personal jurisdiction over a foreign state requires both service of process and subject matter jurisdiction.  28 U.S.C. § 1330(b) ("Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.").  However, as explained below, Redes has not completed service in accordance with the FSIA's requirements and the Court lacks subject matter jurisdiction because Redes has failed to establish the applicability of the FSIA's arbitration exception.  *See infra* Sections III-IV.

## II.    The Court Lacks the Power to Grant the Petition Because Redes Failed to Comply with Article IV of the New York Convention.

The Petition must be dismissed because it fails to meet the requirements of Article IV of the New York Convention, the treaty under which the Petition is brought.  Article IV(1)(b) provides, in relevant part, that "*at the time of the application*" seeking recognition and enforcement of an arbitral award, the petitioner must "supply … [t]he original agreement [to arbitrate]."  New York Convention, art. IV(1)(b) (emphasis added).  This is the only way the treaty envisions how "the applicant [seeking enforcement] provides evidence of the existence of … the underlying agreement to arbitrate."  Maxi Scherer, *Article IV [Formal Requirements for Recognition and Enforcement of Arbitral Awards]*, *in* NEW YORK CONVENTION: ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS, at 72, ¶ 2 (R. Wolff ed., 2d ed. 2019).

Absent submission of the arbitration agreement at the time of filing the petition, "the Convention does not provide for enforcement."  *Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1023

(9th Cir. 2021) (some citations omitted) (citing *China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*, 334 F.3d 274, 292 (3d Cir. 2003) (Alito, J., concurring)).   As the Third Circuit explained, Article IV of the New York Convention—read together with Article II, which requires the U.S. to recognize written arbitration agreements—establishes that proof of a written arbitration agreement "is an essential prerequisite to the recognition and enforcement of an award under the New York Convention." *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 561 (3d Cir. 2022).

Here, the Petition is fatally flawed because Redes failed to include the agreements to arbitrate with it.   *See* D.E. 1.   As the Northern District of California has held, "[t]he failure of a party to satisfy the requirements of Article IV constitutes one of the grounds for refusal or deferral ... specified in the said Convention, because the Convention uses mandatory language in establishing the prerequisites."   *Al-Qarqani v. Chevron Corp.*, No. 18-03297, 2019 U.S. Dist. LEXIS 172126 (N.D. Cal. Sept. 24, 2019), *aff'd Al-Qarqani*, 8 F.4th 1018 (internal quotations omitted).   Thus, "pursuant to the mandatory language of the Convention, the Court is without the power to confirm the award" because Redes, when submitting its Petition, "failed to carry [its] burden to produce an authenticated or certified copy of the original [arbitration agreement]." *Id*.

## III.   Redes Failed to Serve PRONATEL in Accordance with the Inter-American Convention.

Dismissal is required because Redes has not properly served PRONATEL.   Section 1608 of the FSIA governs service on foreign States, including their agencies and instrumentalities. *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1053-54, 1058 (2019); *Angellino v. Al-Saud*, 681 F.3d 463, 465 n.3 (D.C. Cir. 2012) (citing 28 U.S.C. § 1608).   PRONATEL is an instrumentality

of Peru.  D.E. 25 at 14; *see also* D.E. 1 at ¶ 6 (accepting that PRONATEL is an "instrumentality" of Peru).

Redes asserts that it served PRONATEL pursuant to Section 1608(a)(2).  D.E. 12 at 1.  However, because PRONATEL is an instrumentality of a foreign state, Section 1608(a)(2) is *not* the part of the FSIA that governs service on PRONATEL.  Instead, service on instrumentalities is governed by 28 U.S.C. § 1608(b).  *See* 28 U.S.C. § 1608(b) (governing "[s]ervice … upon an agency or instrumentality of a foreign state").  Thus, Redes does not even contend that it served PRONATEL under the appliable provision of the FSIA.  Dismissal is therefore required on that basis alone.

Regardless, even if Redes could serve PRONATEL under Section 1608(a)(2), that has not happened.  Section 1608(a)(2) provides that "if no special arrangement exists," service must be made "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents."  28 U.S.C. § 1608(a)(2).  The international convention on which Redes relies is the Inter-American Convention on Letters Rogatory and its Additional Protocol (together, "Inter-American Convention").[4]

Service under the Inter-American Convention requires that service be validly effectuated under the law of the jurisdiction where a defendant is to be served.  Article 4 of the Additional Protocol provides: "the Central Authority in the State of destination … transmit[s] the letter rogatory to the appropriate judicial or administrative authority for processing in accordance with the applicable local law."  Additional Protocol, art. 4.  As such, Peruvian law governs the validity of service on PRONATEL.  *See EGI-VSR, LLC v. Coderch*, 963 F.3d 1112, 1118 (11th Cir. 2020)

---

[4] Organization of American States, Inter-American Convention on Letters Rogatory, Jan. 30, 1975, O.A.S.T.S. No. B-36; Organization of American States, Additional Protocol to the Inter-American Convention on Letters Rogatory, May 8, 1979, O.A.S.T.S. No. B-46.

(explaining that, under the Inter-American Convention, the "Central Authority in the destination country [is to] … execute[] the letters rogatory in accordance with its own laws and procedural rules").

Redes has not served PRONATEL in accordance with the Inter-American Convention because service has been not validly completed under Peruvian law.  Peruvian law requires letters rogatory to be executed strictly according to their terms.  Article VII of the Preliminary Title of the Peruvian Code of Civil Procedure provides that, in exercising jurisdiction, a judge "may not go beyond the request or base his or her decision on facts other than those" asserted by the parties. Peruvian Code of Civil Procedure, Preliminary Title, art. VII (Decl. of Nicholas M. Renzler ("Renzler Decl."), Ex. 1).  This is a codification of the general Peruvian legal principle of procedural congruence, which the Peruvian Supreme Court has explained requires judicial actions to have congruence "between what the parties requested and the final decision."  *Constructora Continente Sociedad Anonima v. Gerardo Chiclla Torres*, Appeal No. 1099-2017, Supreme Court of Justice of the Republic of Peru (Sept. 5, 2018), ¶ 13 (Renzler Decl., Ex. 2).  Consequently, a Peruvian court's decision cannot "omit[], alter[] or exceed[]" the request for relief that has been placed before it.  *Id.*  Any judicial action that contravenes this requirement is null and void.  *See* Peruvian Code of Civil Procedure, art. 50.6 (Renzler Decl., Ex. 1) (providing that a judge's failure to "respect[] the principle[] of … congruence" is subject to "penalty of nullity").  In the context of service of process pursuant to a letter rogatory, this means that a Peruvian judge's jurisdiction is limited to executing the letter rogatory strictly according to its terms, per the Peruvian Central Authority's request.[5]

---

[5] As a foreign state within the meaning of the FSIA, PRONATEL's interpretation of Peruvian law is entitled to "substantial … weight."  *Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1875 (2018).

Here, the purported service on PRONATEL did not comport with the request for service made by the Peruvian Central Authority and was otherwise inconsistent with the letter rogatory issued for service on PRONATEL. These two flaws render service on PRONATEL ineffective under Peruvian law and, accordingly, under the Inter-American Convention and FSIA as well.

First, PRONATEL was not served in Case No. 2252-2023, the case that Redes states the Peruvian Central Authority initiated "to serve Pronatel."  D.E. 8 at ¶ 5.  Instead, PRONATEL is alleged to have been served via Case No. 2250-2023, the proceeding that the Peruvian Central Authority initiated to complete service on a different entity, the *Ministry of Economy and Finance*. *See* D.E. 10 ¶ 5(b) (Petitioner's status report stating that the Peruvian judge in Case No. 2250-2023 purported to serve PRONATEL"); D.E. 11 at 6 (reflecting purported service on PRONATEL in Case No. 2250-2023); Renzler Decl. Ex. 3 at 1 (document purporting to effect service on PRONATEL in Case No. 2250-2023).  But, as this Court has recognized, the two entities cannot be conflated.  *See* D.E. 25 at 1, 8 (holding that the Peruvian Ministry of Economy and Finance is "synonymous with the Republic of Peru," while PRONATEL is "an instrumentality of Peru with separate legal personhood").  Jurisdiction in Case No. 2250-2023 was accordingly limited to executing the letter rogatory directed to the Ministry of Economy and Finance.  Attempting to serve a *different* party—PRONATEL—thus exceeded that jurisdiction, violating the principle of congruence and rendering the purported service null and void.  *See Constructora Continente* (Renzler Decl., Ex. 2); Peruvian Code of Civil Procedure, art. 50.6 (Renzler Decl., Ex. 1).

Second, in purporting to serve PRONATEL in Case No. 2250-2023, service was not accomplished by executing the letter rogatory directed to PRONATEL strictly according to its terms.  The letter rogatory was addressed to Av. Paseo de la República, No. 1645, Renzler Decl. Ex. 4, the same address on the summons and letter rogatory issued by the Clerk, D.E. 3; D.E. 6 at

2.  Redes later intervened in the Peruvian proceeding and requested that service on PRONATEL be made at a *different* address, Jr. Zorritos, No. 1203, *i.e.*, not in accordance with the letter rogatory. *See* Renzler Decl. Ex. 4.  Service purportedly was made on PRONATEL at that address.  *Id*., Ex. 3 at 1.  This required the Peruvian court to alter the request made to it via the letter rogatory, in violation of the principle of congruence.  *See Constructora Continente* (Renzler Decl., Ex. 2); Peruvian Code of Civil Procedure, art. 50.6 (Renzler Decl., Ex. 1).

The upshot is that PRONATEL has not been validly served in accordance with Peruvian law.  Accordingly, the requirements for service under the Inter-American Convention and thus the FSIA have not been satisfied.  *See I.T. Consultants, Inc. v. Islamic Republic of Pakistan*, No. 00-00503, 2000 U.S. Dist. LEXIS 22548, at *8-9 (D.D.C. Sept. 28, 2000) (finding service improper under Section 1608(a)(2) when requirements of Hague Service Convention were not strictly followed); *Harrison*, 139 S. Ct. at 1062 (concluding service was inadequate because plaintiff failed to strictly comply with the requirements of Section 1608(a)(3)).

## IV.    The Court Lacks Subject Matter Jurisdiction.

The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp*., 488 U.S. 428, 439 (1989).  Redes alleges that "PRONATEL is an 'instrumentality of a foreign state' and, as such, is considered a 'foreign state.'" D.E. 1 at ¶ 6 (citing 28 U.S.C. §§ 1603(a), (b)(2)).

Under the FSIA, foreign sovereigns are immune from suit unless one of the exceptions to foreign sovereign immunity in the FSIA applies.  *Id.* at 434-35.  Section 1604 of the FSIA states the bedrock presumption of foreign sovereign immunity:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act, a foreign state shall be immune from the jurisdiction of the courts of the United

States and of the States except as provided in sections 1605-1607 of
this chapter.

The jurisdictional immunity in § 1604 is unqualified; if none of the specific exceptions in §§ 1605-1607 applies, there is no subject matter jurisdiction. *Amerada Hess*, 488 U.S. at 434-39; *Belize Soc. Dev., Ltd. v. Gov't of Belize*, 794 F.3d 99, 101 (D.C. Cir. 2015).

The only putative exception to PRONATEL's sovereign immunity that Redes invokes in the Petition is the FSIA's arbitration exception found in 28 U.S.C. § 1605(a)(6). *See* D.E. 1 at ¶ 8. Accordingly, if § 1605(a)(6)'s requirements are not satisfied, Redes' Petition must be dismissed on sovereign immunity grounds. *See Chevron Corp. v. Republic of Ecuador*, 795 F.3d 200, 204-05 (D.C. Cir. 2015).

The arbitration exception provides for subject matter jurisdiction where an:

action is brought ... to confirm an award made pursuant to ... an agreement to arbitrate, if ... the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards.

28 U.S.C. § 1605(a)(6); *see also LLC SPC Stileks v. Republic of Mold.*, 985 F.3d 871, 877 (D.C. Cir. 2021) (citation omitted).

The D.C. Circuit has made clear that a petitioner "bears the initial burden of supporting its claim that the FSIA [arbitration] exception applies." *Chevron*, 795 F.3d at 204. To discharge that burden, a petitioner must establish the following jurisdictional facts: "the existence of an arbitration agreement, an arbitration award and a treaty governing the award." *Stileks*, 985 F.3d at 877 (citing *Chevron*, 795 F.3d at 204).

PRONATEL acknowledges that, in its September 24, 2024 Memorandum Opinion and Order, the Court held that it has subject matter jurisdiction over the Petition with respect to the Republic of Peru and the MTC because it made a finding of "these three jurisdictional facts." D.E.

25 at 9.  Nonetheless, PRONATEL respectfully submits that the Court lacks subject matter jurisdiction because Redes failed to meet its initial burden to establish the first of those jurisdictional facts, namely "the existence of an arbitration agreement," *Stileks*, 985 F.3d at 877 (citing *Chevron*, 795 F.3d at 204).[6]

Redes' later submission of the arbitration agreement with its motion for a default judgment does not suffice because Redes was required to submit the arbitration agreement with its petition, not afterwards.  It is the burden of the "party seeking relief … [to] plead facts that bring the suit within the Court's jurisdiction." *O'Connor v. United Kingdom*, No. 20-1775 (UNA), 2020 U.S. Dist. LEXIS 117918, at *2 (D.D.C. July 3, 2020).  In the circumstances of a petition asserting jurisdiction under the FSIA's arbitration exception to confirm a New York Convention award, the means of discharging that burden is governed by Article IV, which the D.C. Circuit has recognized is "'exactly the sort of treaty Congress intended to include in the arbitration exception.'" *Creighton Ltd. v. Gov't of Qatar*, 181 F.3d 118, 123-24 (D.C. Cir. 1999) (quoting *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1018 (2d Cir. 1993).  Indeed, petitioners seeking to confirm New York Convention awards against foreign sovereigns follow Article IV's requirements when

---

[6] Where, as here, the arbitration agreement is said to be contained in a contractual dispute resolution clause, the petitioner meets its burden by producing the "[a]greement containing the dispute clause calling for arbitration." *Marseille-Kliniken AG v. Republic of Equatorial Guinea*, No. 20-3572, 2023 U.S. Dist. LEXIS 206549, at *6 (D.D.C. Nov. 17, 2023) (citing *Stileks*, 985 F.3d at 877; *Chevron*, 795 F.3d at 204-05); *see also Chiejina*, No. 21-2241, 2022 U.S. Dist. LEXIS 152675, at *9 (petitioner satisfied burden to establish arbitration agreement "by producing the arbitration agreement between [the parties]"). In cases where the arbitration agreement is formed by a foreign investor accepting an offer by a foreign sovereign to arbitrate that is contained in an investment treaty, the petition must present copies of both the investment treaty and the investor's acceptance, which is often contained in its notice of arbitration.  For instance, in *Chevron*, the petitioner satisfied its burden "by producing the [bilateral investment treaty]" and the "notice of arbitration."  795 F.3d at 204.  Likewise, in *Stileks*, the petitioner produced "copies of the [Energy Charter Treaty]" along with the "notices of arbitration."  985 F.3d at 877.

asserting the applicability of the arbitration exception, thereby establishing the existence of the arbitration agreement.[7]

Redes, however, failed to establish that jurisdictional fact in its Petition.  The Petition thus does not satisfy Redes' initial burden to establish that the arbitration exception applies. Accordingly, the Court lacks subject matter jurisdiction.  *See CapitalKeys, LLC v. Democratic Republic of Congo*, No. 15-cv-2079, 2021 U.S. Dist. LEXIS 103996, at *40 (D.D.C. June 3, 2021) (Jackson, K.B., J.) (finding no subject matter jurisdiction under Section 1605(a)(2) where plaintiff "failed to carry its burden of production with respect to establishing the … requirements" for the FSIA's commercial activity exception); *Turan Petroleum, Inc. v. Ministry of Oil & Gas of Kaz.*, 406 F. Supp. 3d 1, 12 (D.D.C. 2019) (finding Section 1605(a)(1) did not confer jurisdiction where "plaintiffs … failed to carry their burden of showing" foreign sovereign waived immunity).

## CONCLUSION

For the foregoing reasons, the Petition should be dismissed as to PRONATEL with prejudice.

---

[7] *See, e.g.*, *LLC Komstroy v. Republic of Mold.*, No. 18-cv-00643, 2019 U.S. Dist. LEXIS 143739, at *15 (D.D.C. Aug. 23, 2019); Petition to Confirm Arbitration Award, *LLC Komstroy v. Republic of Mold.*, No. 14-cv-01921 (D.D.C.  Nov. 14, 2014), D.E. 1; *Chevron Corp. v. Republic of Ecuador*, 949 F. Supp. 2d 57, 66-67 (D.D.C. 2013); Decl. of Edward G. Kehoe, *Chevron Corp. v. Republic of Ecuador*, No. 12-cv-1247 (D.D.C. July 27, 2012), D.E. 4; *Chiejina*, 2022 U.S. Dist. LEXIS 152675, at *10; Decl. of Theodore J. Folkman, *Chiejina v. Fed. Republic of Nigeria*, No. 21-cv-2241 (D.D.C. Aug. 24, 2021), D.E. 3; *Marseille-Kliniken*, 2023 U.S. Dist. LEXIS 206549, at *5-6; Petition to Confirm Arbitration Award, *Marseille-Kliniken AG v. Republic of Equatorial Guinea*, No. 20-cv-3572 (D.D.C. Dec. 8, 2020), D.E. 1.

Dated: October 8, 2024                     Respectfully submitted,

                                           /s/ Andrew B. Loewenstein
                                           Andrew B. Loewenstein (D.D.C. Bar No. MA0018)
                                           aloewenstein@foleyhoag.com
                                           FOLEY HOAG LLP
                                           Seaport West
                                           155 Seaport Boulevard
                                           Boston, MA 02210-2600
                                           Tel:  617-832-1000
                                           Fax: 617-832-7000

                                           Nicholas M. Renzler (D.C. Bar. No. 983359)
                                           nrenzler@foleyhoag.com
                                           FOLEY HOAG LLP
                                           1301 Avenue of the Americas
                                           25th Floor
                                           New York, NY 10019-6017
                                           Tel: 212.812.0400
                                           Fax: 212.812.0399

                                           *Attorneys for Respondent PRONATEL*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 8, 2024.

/s/ *Andrew B. Loewenstein*
Andrew B. Loewenstein
