**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

REDES ANDINAS DE COMUNICACIONES
S.R.L.

                    Petitioner,

        v.

THE REPUBLIC OF PERU,
THE MINISTRY OF TRANSPORTATION
AND COMMUNICATIONS, and
PROGRAMA NACIONAL DE
TELECOMUNICACIONES – PRONATEL,

                    Respondents.

**Civil Action No. 1:22-cv-03631**

**PETITIONER'S MOTION FOR LEAVE TO FILE SUR-REPLY
IN SUPPORT OF OPPOSITION TO PRONATEL'S MOTION TO DISMISS**

Petitioner Redes Andinas de Comunicaciones S.R.L. ("Redes") respectfully requests leave
to file the attached 6-page sur-reply in support of its motion for summary judgment.  Good cause
exists for granting this request.  PROGRAMA NACIONAL DE TELECOMUNICACIONES –
PRONATEL ("PRONATEL") opposes this motion.

First, PRONATEL raises new facts, new arguments, and new cases that were not addressed
in earlier briefing.  ECF No. 31 ("Reply").  "[A] sur-reply is appropriate 'when a party is unable
to contest matters presented to the court for the first time in the last scheduled pleading.'"
*Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 307 n.24 (D.D.C. 2018) (Contreras, J.)
(quoting *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)).  Despite raising a
personal jurisdiction defense in both its opposition to default judgment and its motion to dismiss,
PRONATEL—for the first time on reply—advances new factual assertions to support its position
that PRONATEL is separate from Peru.  Redes has repeatedly argued throughout this litigation

that this Court has personal jurisdiction because PRONATEL is controlled by Peru and the MTC. ECF No. 27 at 15-17; ECF No. 19 at 11-12. But rather than engaging with that argument, PRONATEL waited until its reply brief to raise new facts and cases. ECF Nos. 17, 20, 26.

For example, PRONATEL argues for the first time that it has the independence to conduct its day-to-day operations, spending three pages discussing at length PRONATEL's organizational structure. Reply 4-7. Similarly, it argues for the first time that it has control of its own budget and financial matters. Reply 7-8. To support these assertions, PRONATEL attaches a new declaration containing almost 50 pages of exhibits translating Peruvian authority. ECF Nos. 31-2, 31-3, 31-4. "If the court were to deny plaintiffs leave to file the surreply, [Redes] would be unable to contest matters presented to the court for the first time in the form of [PRONATEL's] declaration" and exhibits. *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998).

Second, permitting Redes to file a sur-reply would be "helpful to the resolution of the pending motion by providing additional clarity on certain … arguments, particularly in response to issues raised in depth for the first time in [PRONATEL's] reply brief." *Moore v. Hayden*, 2021 WL 11629829, at *7 n.3 (D.D.C. Feb. 22, 2021) (Contreras, J.). As explained in Redes's sur-reply, there are critical factual omissions in PRONATEL's reply brief. *Yanofsky v. U.S. Dep't of Com.*, 2022 WL 2980344, at *2 (D.D.C. Mar. 31, 2022) (granting leave to file a sur-reply where it would "further develop the relevant factual record" and "provide[] context and factual information relevant to the Court's consideration" of an issue (quotation marks omitted)).

Third, granting this request would not "unduly prejudice[]" PRONATEL. *Salak v. Pruitt*, 277 F. Supp. 3d 11, 26 n.11 (D.D.C. 2017) (Brown Jackson, J.) (granting leave to file sur-reply). Redes's sur-reply is only 6 pages and does not introduce new arguments but rather responds to the arguments raised by PRONATEL.

2

Dated:  Washington, DC
        November 22, 2024

Respectfully submitted,

*/s/  Ashley C. Parrish*
(Bar ID: 464683)

Ashley C. Parrish
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
Tel: +1 (202) 626 2627
Fax: +1 (202) 626 3737
Email:  aparrish@kslaw.com

*Attorney for Petitioner*
*Redes Andinas de Comunicaciones S.R.L.*

3